**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| **v.** | : | **Case No. 24-cr-519-4 (DLF)** |
| | : | |
| **PATRICK THOMAS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its Memorandum in Aid of Sentencing. For the reasons herein and in accordance with the plea agreement, the Government requests that the Court sentence the defendant to 64 months of incarceration and impose a period of three years of supervised release.

## I.    SENTENCING FACTORS

In sentencing a defendant, after calculating the appropriate Guideline range, the Court must consider the factors set forth in 18 U.S.C. § 3553.[1]  *See Gall v. United States*, 552 U.S. 38 (2007). These factors are in keeping with the traditional factors used by courts when imposing a sentence: (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (4) the deterrence of others from the commission of like offenses. *See Spanziano v. Florida*, 468 U.S. 447, 477-78 (1984) (Stevens, J., concurring); *see also Williams v. New York*, 337 U.S. 241, 251 (1949). Further, under the Guidelines and Section 3553, similarly situated defendants should receive like punishments. *See*

---

[1]   The Pre-Sentence Report (PSR) correctly states that the Guideline range is 57-71 months.

18 U.S.C. § 3553(a)(6).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an investigation into drug trafficking conducted by the DEA and FBI. As set forth more fully in the plea proffer, defendant Patrick Thomas obtained and stored marijuana for distribution and sale with his co-conspirators.   In particular, since at least October 2023 and continuing through May 2024, the defendant and a combination of his co-conspirators traveled together multiple times between the Baltimore-Washington area and Los Angeles, California. On one such trip that the defendant took with his co-conspirators in February 2024, agents stopped the defendant and his co-conspirators at BWI airport after their flight from L.A.   Agents found 54.5 pounds of marijuana, packaged in dark-colored vacuum-sealed plastic bags, in a suitcase carried by one of the defendant's co-conspirators.

The investigation also showed that the defendant and his co-conspirators stored the marijuana they obtained and sold it from an apartment located at 1901 C Street SE, Apartment 143, Washington, D.C. 20003.   The defendant and these co-conspirators jointly contributed to rent payments for the apartment.   Agents observed the defendant and his co-conspirators engaging in hand-to-hand transactions consistent with narcotics sales outside the building on a daily basis.

On October 30, 2024, law enforcement executed a search warrant at the apartment at 1901 C Street SE.   Inside the apartment, law enforcement found and recovered approximately six pounds of marijuana in bulk packages, other narcotics, and numerous small distribution-size packages of marijuana.   They also recovered several firearms and fentanyl.   It should be noted, however, that DNA testing on the firearms and fentanyl in the apartment excluded the defendant

2

as a contributor.    Defendant Thomas acknowledges that he maintained the apartment along with his co-conspirators to store and redistribute marijuana.

On October 30, 2024, law enforcement also executed a search warrant on the defendant's then-residence in Maryland.   The defendant was present during the search, during which law enforcement found and recovered $7,036 in U.S. currency, three firearms and ammunition.   In a search of his cellphone, law enforcement found a photo of someone holding a large bag containing suspected fentanyl.   The defendant acknowledged that the suspected fentanyl pills in the photo were approximately 20 grams.

### III.    SECTION 3553 FACTORS

As noted above, after calculating and consulting the appropriate Guideline range, the Court must consider the factors set forth in 18 U.S.C. § 3553(a).   The Government addresses the relevant factors in this case below.

### A. Nature and Circumstances of the Offense

While the Government recognizes that the District of Columbia and most states have essentially legalized the recreational use of marijuana, that does not mean the use of marijuana is a good thing.   Indeed, the illegal trafficking of marijuana has led to some of the most violent criminal organizations in our city.   *See, e. g., United States v. Carson*, 455 F.3d 336 (D.C. Cir. 2006) (describing violence committed by the K Street Crew, a criminal organization trafficking in marijuana).

While the Government of course does not equate the defendant's conduct with violent criminal behavior of that sort, it does view this as a serious offense.   The defendant not only sold marijuana illegally, but he also traveled to California with his co-conspirators to obtain large

amounts of it.   He also possessed firearms in connection with his role in the conspiracy. Accordingly, the Government views this as a serious offense that warrants a sentence of incarceration.

### B.  Deterrence and the Need to Protect the Public

As noted above, agents recovered three firearms from the defendant's residence.   The Government notes that the illegal possession of firearms is inherently dangerous, and the defendant admits that he possessed the firearms in furtherance of the conspiracy in this case.  *See, e.g.*, *United States v. Gassaway*, No. 21-CR-550 (RCL), 2021 WL 4206616, at *3 (D.D.C. Sept. 16, 2021) (collecting cases in this district holding that unlawful firearm possession is dangerous to the public); *United States v. Howard*, No. 20-MJ-181 (BAH), 2020 WL 5642288, at *2–3 (D.D.C. Sept. 21, 2020) (making same observation); *United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) (noting that a loaded firearm "has the great potential to escalate into violence"). Accordingly, for this additional reason, the Government believes a significant sentence of incarceration is necessary for purposes of deterrence.

### C.  History and Characteristics of the Defendant

Defendant Thomas is 39 years old.   Unlike many of the defendants that appear in this Court, he seems to have generally had a stable childhood, albeit one marked by the violent death of his brother.   He has prior felony drug and weapons convictions and several arrests, however. His longest sentence thus far appears to be 18 months.  *See, e. g., Qualis v. United States*, 373 F. Supp. 2d 873, 877 (E.D. Wisc. 2005) ("It is appropriate for a court, when considering the type of sentence necessary to protect the public and to deter future misconduct, to note the length of any previous sentences imposed.")

The defendant can be a productive member of the community if he chooses to do so. While he did not complete high school or earn his GED yet, he does have a commercial driver's license and has shown that he can maintain stable employment.   The Government hopes that he will take advantage of the educational and vocational programs as well as the drug treatment programs available to him in the BOP.

### D.    Need to Avoid Sentencing Disparities

A sentence within the Guidelines will generally avoid unwanted sentencing disparities among defendants who have committed similar crimes.   Indeed, "[t]he best way to curtail 'unwarranted' disparities is to follow the Guidelines, which are designed to treat similar offenses and offenders similarly." *United States v. Otunyo*, 63 F.4th 948, 960 (D.C. Cir. 2023) (quoting *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009).   The Government is asking for a sentence in the middle of the Guideline range in this case.

## IV.    <u>CONCLUSION</u>

For the reasons stated herein, the Government requests that the Court impose a sentence of 64 months.   The Government will move to dismiss the remaining counts of the indictment at sentencing pursuant to the plea agreement.

Respectfully submitted,

JEANINE PIRRO
UNITED STATES ATTORNEY


BY:    _____/s/_____
NIHAR MOHANTY
Assistant United States Attorney
D.C. Bar Number 436686
United States Attorney's Office
601 D Street, NW
Washington, DC   20530
Telephone: (202) 252-7700
Email: Nihar.Mohanty@usdoj.gov


ISABELLE SUN
Special Assistant United States Attorney
United States Department of Justice
1400 New York Avenue, N.W.
Washington, DC   20005
Telephone:   (202) 774-4040
Isabelle.Sun@usdoj.gov